**FILED**
**Mar 25, 2021**
**11:41 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| **CHARLES FRITTS,** | ) | **Docket No. 2019-03-0997** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 58711-2019** |
| **RONNIE WALDROP dba** | ) | |
| **PEERLESS PAINTING,** | ) | **Judge Pamela B. Johnson** |
| **Uninsured Employer.** | ) | |

## COMPENSATION ORDER
### *Decision on the Record*

Charles Fritts suffered injuries when he fell from scaffolding while working for Ronnie Waldrop doing business as Peerless Painting. Mr. Fritts seeks past and ongoing medical benefits and temporary and permanent disability benefits for this work injury. For the reasons below, the Court grants the requested benefits in part.

### History of Claim

Mr. Fritts filed a Petition for Benefit Determination for a May 30, 2019 injury. He fell about thirty-five feet from scaffolding while cleaning windows.

Mr. Fritts was airlifted to the hospital due to the severity of his injuries. He was hospitalized for four days initially and underwent surgery to repair his fractured pelvis and right wrist. The day after his release, he returned to the hospital for surgery to repair his spleen and suffered a stroke and aortic blood clot while hospitalized. After his release, Mr. Fritts remained under the care of his treating physicians, Dr. William Oros (orthopedic surgeon) and Dr. Scott Stevens (vascular surgeon).

To prove the employment relationship, Mr. Fritts served Mr. Waldrop with Requests for Admissions. When Mr. Waldrop did not respond, the Court deemed them admitted.

The admissions proved the following: Charles Fritts fell at a construction project on May 30, 2019, where he was working in the course and scope of his employment with

1

Ronnie Waldrop. Mr. Fritts sustained severe and disabling injuries as a result of the May 30, 2019 incident, but Mr. Waldrop did not provide any medical or disability benefits.

At the time of the incident, Mr. Waldrop provided all the necessary equipment and tools for Mr. Fritts to perform his job duties. Mr. Waldrop controlled all aspects of the work performed by Mr. Fritts. Mr. Waldrop agreed to pay Mr. Fritts $20.00 per hour for a daily rate of $200.00.

Afterward, Mr. Fritts moved for partial summary judgment regarding the employment relationship. Mr. Waldrop did not file a written response but denied that Mr. Fritts was his employee during the motion hearing.

The Court granted partial summary judgment concluding that Mr. Fritts proved an employment relationship between the parties. Specifically, the Court held that: Mr. Fritts proved he was performing his duties in the course and scope of employment for Mr. Waldrop on May 30, 2019; Mr. Waldrop provided all the necessary equipment and tools and exercised control over Mr. Fritts's work; and Mr. Fritts was to be paid $20.00 per hour for a daily rate of $200.00.

This case then proceeded to a Compensation Hearing. At this point, Mr. Waldrop stopped participating in the litigation.

Mr. Fritts submitted his medical records and itemized medical expenses documenting treatment provided by Med-Trans Air Medical Transport, OrthoTennessee (Dr. William Oros), University of Tennessee Medical Center, and UT Vascular and Transplant Surgeons (Dr. Scott Stevens).

He also introduced the C-32 Standard Medical Report of Dr. C.M. Salekin, whom he saw for an independent medical evaluation. Dr. Salekin concluded that the injury resulted in the need for treatment and that the employment activity, more likely than not, was primarily responsible for the injury and need for treatment. He further noted that Mr. Fritts was taken completely off work from the injury date to the "present." Dr. Salekin placed Mr. Fritts at maximum medical improvement on September 19, 2020 (the date of the report), and he assigned a twelve-percent permanent impairment and permanent restrictions.

Mr. Waldrop did not object to Mr. Fritts's evidence or present any countervailing evidence.

Mr. Fritts contended that he is entitled to temporary total disability benefits from May 30, 2019, through September 19, 2020, for a total of sixty-eight weeks and two days or $45,602.24. He also claimed that he is entitled to permanent partial disability (original award) based on the twelve-percent rating, for a total of fifty-four weeks or $36,000.18. He

2

argued his initial compensation period expires October 2, 2021, based on the date of maximum medical improvement and his permanent impairment. Finally, he claimed that he is entitled to payment of the medical expenses incurred due to his work injury as well as ongoing treatment with his physicians.

## Findings of Fact and Conclusions of Law

At a Compensation Hearing where the injured employee has arrived at a trial on the merits, the employee must prove by a preponderance of the evidence that he is entitled to the requested benefits. *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2020).

To recover workers' compensation benefits, Mr. Fritts must show his injuries were caused by a specific incident arising primarily out of his employment. His injuries arise primarily out of his employment only if he shows to a reasonable degree of medical certainty that his employment contributed more than fifty percent in causing them. "Shown to a reasonable degree of medical certainty" means that, in the opinion of the physician, it is more likely than not considering all causes. Tenn. Code Ann. § 50-6-102(14)(A)-(D).

Here, the evidence showed that Mr. Fritts was performing his duties in the course and scope of employment for Mr. Waldrop on May 30, 2019, when he fell and sustained serious injuries. The record further showed by expert opinion that the employment activity, more likely than not, was primarily responsible for the injuries and need for treatment. Due to his injuries, Mr. Fritts was taken completely off work from the injury date to the date of maximum medical improvement on September 19, 2020, and his injuries resulted in a twelve-percent permanent impairment and permanent restrictions. Thus, due to the uncontroverted opinions of Dr. Salekin, the Court holds Mr. Fritts's injury arose primarily out of and in the course and scope of his employment and resulted in a twelve-percent permanent impairment to the whole person.

Accordingly, based on the preponderance of the evidence, the Court concludes Mr. Fritts is entitled to permanent disability benefits totaling $36,000.18, which is calculated by multiplying twelve percent by 450 weeks and his compensation rate. Mr. Fritts's initial compensation period expires on October 2, 2021. *See generally* Tenn. Code Ann. § 50-6-207(3)(A).

Turning to his claim for temporary total disability benefits, these benefits are payable to an injured employee who is totally disabled from working by his injury and while he is recovering as far as the nature of the injury permits. *Cleek v. Wal-Mart Stores, Inc.*, 19 S.W.3d 770, 776 (Tenn. 2000). To recover, Mr. Fritts must show he was (1) totally disabled from working by a compensable injury; (2) that there was a causal connection between the injury and his inability to work; and (3) the duration of that period of disability. *Id.* When an employee demonstrates the ability to return to work or attains maximum

medical improvement, then temporary total disability benefits are terminated. *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978).

Here, the uncontroverted expert opinion showed that the employment activity, more likely than not, was primarily responsible for the injuries and need for treatment. Due to his injuries, Mr. Fritts was taken completely off work from the injury date to the date of maximum medical improvement on September 19, 2020. Mr. Fritts was to be paid $20.00 per hour for a daily rate of $200.00. His average weekly wage is $1,000, which results in a weekly compensation rate of $666.67.

Thus, based on the preponderance of the evidence, the Court concludes Mr. Fritts is entitled to temporary total disability benefits totaling $45,602.24, which was calculated by multiplying sixty-eight weeks and two days by his compensation rate of $666.37. *See generally* Tenn. Code Ann. § 50-6-207(1)(A).

Regarding his past and ongoing medical benefits, it is well-settled in Tennessee that an injured worker is entitled to medical benefits from the employer "made reasonably necessary by accident." Tenn. Code Ann. § 50-6-204(a)(1)(A). Additionally, an employer who fails to provide treatment made reasonably necessary by the work injury bears the risk of being required to pay for unauthorized treatment. *See Hackney v. Integrity Staffing Solutions*, 2016 TN Wrk. Comp. App. Bd. LEXIS 29, at *8-9 (July 22, 2016).

To recover past medical expenses, Mr. Fritts must show that the expenses were incurred as a result of his compensable work injury or that the expenses were reasonable and necessary. *See Mollica v. EHHI Holdings, Inc.*, 2020 TN Wrk. Comp. App. Bd. LEXIS 22, at *7 (Apr. 21, 2020). The Tennessee Rules of Evidence apply to cases in which the trial judge makes a decision on the record, just as they apply when the court conducts a hearing. *Eaves v. Ametek, Inc.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 53, at *7 (Sept. 14, 2018); *see also Miller v. Logan's Roadhouse, LLC*, 2018 TN Wrk. Comp. App. Bd. LEXIS 59, at *11-12 (Nov. 15, 2018). Similar to *Eaves* and *Miller*, Mr. Fritts offered his medical expenses without any proof as to whether they arose from reasonable and necessary medical treatment. Therefore, the Court concludes Mr. Fritts is not entitled to payment of his past medical expenses.

Finally, Mr. Fritts is entitled to ongoing medical benefits made reasonably necessary by his May 30, 2019 work injury under Tennessee Code Annotated section 50-6-204.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Waldrop shall pay Mr. Fritts permanent partial disability benefits totaling $36,000.18, for which execution may issue.

2. Mr. Waldrop shall pay Mr. Fritts temporary total disability benefits totaling $45,602.24, for which execution may issue.

3. Mr. Fritts's claim for past medical expenses is denied.

4. Mr. Waldrop shall provide Mr. Fritts with ongoing medical benefits under Tennessee Code Annotated section 50-6-204. Drs. William Oros and Scott Stevens shall remain his treating physicians.

5. The filing fee of $150.00 is taxed to Mr. Waldrop and shall be paid within five business days of this order becoming final or all appeals are exhausted, for which execution may issue.

6. Mr. Fritts's counsel shall file a Statistical Data Form (SD-2) within ten business days of entry of this order.

7. Unless appealed, this Order shall become final thirty calendar days after entry.

**ENTERED March 25, 2021.**

**JUDGE PAMELA B. JOHNSON**
**Court of Workers' Compensation Claims**

### APPENDIX

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice, September 19, 2019
3. Expedited Request for Investigation Report, uncertified
4. Request for Scheduling Hearing
5. Order Setting Status Conference
6. Order Setting Scheduling Hearing
7. Scheduling Order
8. Motion to Compel
9. Order Denying Motion to Compel
10. Motion to Deem Requests Admitted
11. Order Granting Motion to Deem Requests Admitted
12. Motion to Enlarge Time
13. Motion for Summary Judgment
14. Motion for Sanctions
15. Order Granting Motion to Enlarge Time

5

16. Order Denying Motion for Sanctions
17. Dispute Certification Notice
18. Order Resetting Motion Hearing and Granting Motion to Continue Compensation Hearing and Pending Deadlines
19. Employee's Notice of Intent to Use C-32 in Lieu of Deposition
20. Expedited Request for Investigation Report, certified
21. Order Granting Partial Summary Judgment
22. Scheduling Order
23. Motion for Judgment on the Pleadings
24. Employee's Table of Contents of Medical Records and Expenses
25. Employee's Prehearing Statement
26. Employee's Witness List
27. Dispute Certification Notice, February 12, 2021
28. Order Granting Motion for On The Record Determination and Compensation Hearing Docketing Notice

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on March 25, 2021.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Ameesh Kherani<br>Employee's Attorney | | X | akherani@kheranilaw.com |
| Ronnie Waldrop<br>Self-Represented<br>Employer | X | X | 1100 Old Jacksboro Pike<br>LaFollette, TN 37766<br><br>1110 Old Jacksboro Pike<br>LaFollette, TN 37766<br><br>peerlesspaintingteam@gmail.com |

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

6



## Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____ .

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s) (Requesting Party):** _____  ☐ Employer ☐ Employee

Address: _____  Phone: _____

Email: _____

Attorney's Name: _____  BPR#: _____

Attorney's Email: _____  Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is:_____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month    Telephone      $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water            $ _____ per month    Clothing       $ _____ per month

Gas              $ _____ per month    Child Care     $ _____ per month

Transportation   $ _____ per month    Child Support  $ _____ per month

Car              $_____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____        (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____        (FMV) _____

Other                   $ _____        Describe:_____

11. My debts are:

Amount Owed                     To Whom

_____               _____

_____               _____

_____               _____

_____               _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                    RDA 11082